# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52402

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

CHANCE STEVE RICHARD
WOROSZ,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: July 31, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant. Sally J. Cooley argued.

Hon. Raúl R. Labrador, Attorney General; Jaden Steeves, Deputy Attorney General, Boise, for respondent. Jaden Steeves argued.

---

LORELLO, Judge

Chance Steve Richard Worosz appeals from his judgment of conviction for possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours, an officer woke Worosz as he slept in a park. The officer arrested Worosz for remaining in the park after hours and searched him incident to the arrest. The search yielded more than fifty unused syringes, along with a used syringe containing a dried, white residue. The used syringe field-tested positive for methamphetamine. When questioned by the officer, Worosz indicated he participated in a needle exchange program at the park and that the

1

items found in his possession were from the program. The State charged Worosz with possession of a controlled substance, possession of drug paraphernalia, and a sentencing enhancement for prior controlled substance violations.[1]

Worosz filed a motion in which he argued his arrest was unlawful because his conduct and possession of the syringes were protected under the Syringe and Needle Exchange Act (SNEA).[2] Worosz also asserted the SNEA conflicted with Idaho law criminalizing the possession of controlled substances and drug paraphernalia. The district court held a hearing on the motion, at which the officer and Worosz testified. Ultimately, the district court denied the motion, finding that the arrest and resulting search were lawful. Thereafter, Worosz entered a conditional guilty plea to possession of a controlled substance, I.C. § 37-2732(c)(1), reserving his right to appeal the denial of his motion. In exchange for his guilty plea, the State dismissed the possession of drug paraphernalia charge and the sentencing enhancement. Worosz appeals.

## II.

## STANDARD OF REVIEW

This Court applies an abuse of discretion standard when it reviews a trial court's decision on a motion to dismiss. *State v. Eversole*, 160 Idaho 239, 244, 371 P.3d 293, 298 (2016). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

---

[1] The State initially charged Worosz with an additional possession of a controlled substance violation but later dismissed the charge.

[2] The record shows that Worosz filed a motion to suppress the evidence found during the search. The district court recognized, however, that because Worosz sought immunity under the SNEA, a favorable ruling would result in dismissal of the drug paraphernalia charge. The district court therefore treated Worosz's motion as one to dismiss. This Court will do the same.

## III.

## ANALYSIS

Worosz asserts the district court abused its discretion by denying his motion "because his conduct was protected" by the SNEA. The State responds that "any immunity conferred by" the SNEA "only protected entities operating and supplying exchange programs." We hold that Worosz has failed to show the district court erred in denying his motion to dismiss.

In 2019, Idaho enacted the SNEA. I.C. §§ 37-3401 to 37-3407.[3] The purpose of the SNEA was to prevent the transmission of disease and to reduce morbidity and mortality among individuals who inject drugs. I.C. § 37-3402. To that end, the legislature authorized the creation of syringe and needle exchange programs, which allowed entities to facilitate the exchange of used syringes or needles for new syringes or needles in sealed sterile packaging. I.C. § 37-3404(2)(a). Entities operating these exchange programs were required to comply with the SNEA's provisions, as well as the rules promulgated by the Idaho Department of Health and Welfare. I.C. § 37-3404(1)(a). Under the SNEA, entities operating exchange programs were required to provide the recipient of new syringes or needles with verbal and written instructions on how to prevent the transmission of blood-borne diseases. I.C. § 37-3404(2)(b)(i). Entities were also required to provide recipients with options for obtaining services to treat substance use disorder, testing for blood-borne disease, and an opioid antagonist. I.C. § 37-3404(2)(b)(ii). Additionally, the entities were required to report annually to the Department the number of individuals participating in the exchanges, the number of used syringes or needles exchanged, and the number of new syringes or needles provided. I.C. § 37-3404(3). In turn, the Department was required to report to the legislature on the activities and outcomes of the exchange programs; whether the programs promoted illicit drug use; and whether the programs (in the director's opinion) should be continued, continued with modifications, or terminated. I.C. § 37-3405.

In his motion, Worosz argued his arrest was unlawful because the "statutory scheme around" the SNEA created a situation where individuals looking to "participate in the exchange of dirty syringes" must also break the law. This was so, Worosz maintained, because the SNEA

---

[3] Although the SNEA was repealed in 2024, it remained in effect at the time of Worosz's arrest.

conflicted with statutes prohibiting the possession of controlled substances and drug paraphernalia, thereby putting individuals like Worosz "between a rock and a hard place." The district court recognized that Worosz sought to derive "a sort of immunity" under the SNEA. However, the district court was unpersuaded and concluded that Worosz's immunity claim failed for three reasons. First, the district court found that the rights and privileges of the SNEA were conferred "to an entity" and did not "create any immunity for a defendant." Second, the district court concluded that the SNEA did not "change the criminality" of statutes prohibiting the possession of controlled substances or drug paraphernalia. The district court acknowledged that the SNEA could permit officers to "exercise discretion" to not "arrest someone . . . standing in line" at an active needle exchange program. However, absent "explicit text [from the legislature] to do so," the district court found that the SNEA did not make Worosz immune from prosecution. As a result, the district court determined that Worosz was "in exactly the same position" with or without the SNEA because his possession of controlled substances and drug paraphernalia as an individual remained illegal. Finally, the district court found that Worosz was not "participating in the program at the time" of his arrest because he was not "going to the facility" or "standing in line" at an exchange program. Instead, Worosz possessed the drugs and paraphernalia in the park after hours when the program was not open. As a result, the district court denied Worosz's immunity claim and concluded that the "officer's arrest was lawful and the resulting search incident to arrest was not unreasonable."

On appeal, Worosz argues the district court abused its discretion in denying his motion because the SNEA gave him "a defense or immunity." Worosz asserts "proper application" of the SNEA would have protected "his conduct in possessing used syringes and even those still containing drug residue." According to Worosz, "the district court's interpretation limiting the protections offered by [the SNEA] to 'entities' is contrary to the plain language of the text and erroneously dilutes the 'potency' of the statute." Worosz's argument is belied by the plain language of the SNEA.

The SNEA provided that, "notwithstanding any provision of law to the contrary," an "entity may operate a syringe and needle exchange program if such entity complies with the provisions of this section and with rules promulgated by the [D]epartment." I.C. § 37-3404(1)(a). The SNEA defined an "entity" as the department, a "government entity," or "a private organization, whether

for profit or nonprofit." I.C. § 37-3403(3). Worosz does not contend he fell within the definition of an "entity." We agree with the district court's conclusion that the rights and privileges of the SNEA only applied to entities and did not "create any immunity for a defendant." Worosz also argues that the district court's finding that he was not participating in a needle exchange program at the time of his arrest "does not negate his protection under the statute" because he "was a participant in the program during the week." That Worosz attended a needle exchange program prior to being arrested and searched does not mean he was eligible for the protections offered to *entities* by the SNEA.

Worosz further contends the SNEA conflicted with statutes criminalizing the possession of controlled substances and drug paraphernalia. Worosz maintains that the "legislature has placed individuals in jeopardy of criminal charges while trying to participate in an activity it has designated as lawful" and that the district court abused its discretion "by failing to analyze the two statutes in accordance with legal authority governing statutory interpretation." According to Worosz, the statutes and the SNEA conflicted because, "to be a participant in the needle exchange program," the "participants would need to, at least briefly, possess used and clean syringes." However, as stated above, the SNEA protects entities operating exchange programs--protections that did not extend to individuals.

Finally, Worosz argues the district court erred when it determined that, even if it granted his motion, the result would be a dismissal of the drug paraphernalia charge but not the possession of a controlled substance charge. "Such a holding"--Worosz contends--"negated the purpose of" the SNEA because "a participant could be charged with unlawful possession of a controlled substance for conduct encouraged by the plain text of the statute." Worosz's argument fails for at least two reasons. First, Worosz does not cite the "plain text" from the SNEA which he contends authorized the possession of controlled substances or drug paraphernalia. Moreover, the plain language of the SNEA shows that it did not encourage the possession of controlled substances or drug paraphernalia--it did the opposite. Specifically, the SNEA authorized the creation of exchange programs to prevent the transmission of disease and to reduce morbidity and mortality among individuals who inject drugs. I.C. § 37-3402. The SNEA also required the Department to report to the legislature on whether the programs promote illicit drug use. I.C. § 37-3405. Thus, the plain text of the SNEA contradicts Worosz's arguments on appeal. Because we conclude that

5

the SNEA did not offer individuals possessing controlled substances or drug paraphernalia immunity or conflict with other statutes criminalizing the possession of controlled substances and drug paraphernalia, Worosz's claim that the district court erred in denying his motion to dismiss fails.

## IV.

## CONCLUSION

The SNEA did not provide Worosz immunity from prosecution for possessing controlled substances. Worosz has therefore failed to show the district court erred in denying his motion to dismiss. Accordingly, Worosz' judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge TRIBE and Judge Pro Tem MELANSON, **CONCUR**.

6